# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JONATHAN LUTHER GRAYSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-197 |
| | ) | |
| AL ST. LAWRENCE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Inmate-plaintiff Jonathan Luther Grayson, who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 complaint contending that he was chained up and denied food and water for 15 hours -- in 2009. Doc. 1 at 5. He asks the Court to consider his complaint and permit amendments to it after it is served. *Id.* at 7. Presumably he seeks compensatory damages, though he doesn't say.

Meanwhile, plaintiff has failed to obey this Court's directive to complete the paperwork needed to proceed *in forma pauperis*. *See* doc. 3 (directing him to must return both the Prisoner Trust Fund Account Statement and the Consent to Collection of Fees from Trust Account to

the Clerk); doc. 4 (Prisoner Trust Fund Account Statement but *no* Consent form). His case therefore must be **DISMISSED** on abandonment grounds. *Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (district courts may *sua sponte* dismiss an action pursuant to Fed. R. Civ. P. 41(b) if the plaintiff fails to comply with court rules or a court order).

Grayson is free to supply the missing Consent form within the 14-day time to Object under Fed. R. Civ. P. 72(b)(2), but he must show good cause for that delay, and should bear in mind that his case otherwise faces dismissal on untimeliness grounds.[1]

**SO REPORTED AND RECOMMENDED,** this 30th day of October, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] An action brought under 42 U.S.C. § 1983 is barred if not filed within two years after the cause of action accrues. *Mullinax v. McElhenney,* 817 F.2d 711, 715-16 n. 2 (11th Cir. 1987); *Williams v. City of Atlanta,* 794 F.2d 624, 626 (11th Cir. 1986) ("[T]he proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). *See also Jones v. Bock,* 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").